**In re Shelly A. HUGHES, Debtor.**

No. 03–65944.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Aug. 18, 2004.

Terri J. Sutton, for Debtor.

John Kapitan, Local Counsel for eCAST.

Becket & Lee, LLP, Counsel for eCAST.

David Wm. Ruskin, Chapter 13 Trustee.

*OPINION OVERRULING DEBTOR'S OBJECTIONS TO PROOF OF CLAIMS FILED BY eCAST SETTLEMENT CORPORATION*

MARCI BETH MCIVOR, Bankruptcy Judge.

This matter came before the Court at a hearing on July 15, 2004 on Debtor's objections to the proofs of claims filed by eCAST Settlement Corporation (eCAST). The Court OVERRULES Debtor's objections and ALLOWS the claims as filed by eCAST in their entirety.

I

*JURISDICTION*

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and by referral of the U.S. District Court for the Eastern District of Michigan pursuant to Local District Court Rule 83.50(a)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

II

*FACTUAL BACKGROUND*

On September 19, 2003, Shelly A. Hughes (Debtor) commenced this Chapter 13 bankruptcy case. Debtor filed a "Schedule F (Creditor's Holding Unsecured NonPriority Claims)" (Schedule F) disclosing claims totaling $ 28,156.00. Debtor's Schedule F lists, among others, credit card indebtedness to the following entities:

| *Creditor* | *Account No.* | *Amount* |
|---|---|---|
| Chase Mastercard<br>P.O. Box 15919<br>Wilmington, DE 19850–5919 | 5260 3160 8002 3900 | $2,415.00 |
| The Associates<br>c/o Citibank<br>P.O. Box 6531<br>The Lakes, NV 88901–6531 | 4621 2011 6791 3974 | $2,154.00 |

Neither creditor as listed by Debtor in her Schedule F filed proof of claims. Instead, proof of claims were timely filed by eCAST as either an agent or assignee of Debtor's creditors. The proof of claims filed by eCAST indicate that the basis of its claims are for credit card debt and also contain the following information:

| *Creditor* | *Account No.* | *Amount* |
|---|---|---|
| Chase Manhattan Bank<br>USA, NA, by eCAST<br>Settlement Corporation,<br>as its agent*<br>P.O. Box 35480<br>Newark, NJ 07193–5480 | 5260 3160 8002 3900 | $2,663.90 |
| eCAST Settlement<br>Corporation, assignee of<br>Associates National Bank<br>P.O. Box 35480<br>Newark, NJ 07193–5480 | 4621 2011 6791 3974 | $2,153.88 |

In support of its claims, eCAST attached documentation. To the claim it filed as an agent of Chase Manhattan Bank, eCAST attached a summary of the relevant information related to Debtor's Chase Mastercard. The Clerk of the Court has designated this claim as Claim No. 4 (Claim No. 4). The summary attached to eCAST's Claim No. 4 contains the Debtor's name, address, and social security number as well as the credit card account number and alleged account balance. In addition, the summary contains two statements. The first statement discloses that the information contained in the summary "was derived from the information contained in the account database of Chase Manhattan Bank USA, NA" along with other sources. *See* Claim No. 4, un-numbered p. 3. The second statement indicates that the "balances recorded" have been verified by Chase Manhattan Bank, USA, NA. *Id.* The summary is not signed.

Also attached to eCAST's Claim No. 4 is an unsigned page containing the following short typed paragraph:

*By written agreement between Creditor and eCAST Settlement Corporation, eCAST Settlement Corporation has been authorized to file this proof of claim as agent for Creditor pending the Creditor's charge-off of the account and the transfer of the title to the account to eCAST Settlement Corporation. Creditor has further authorized eCAST Settlement Corporation to receive notices and payments with respect to this claim

on Creditor's behalf, to be allocated pursuant to the terms of such agreement. *See* Claim No. 4, un-numbered p. 2.

The documentation attached to the claim filed by eCAST as assignee of Associates National Bank (Associates) is similar to the documentation attached to eCAST's Claim No. 4. The Clerk of the Court has designated this claim as Claim No. 5 (Claim No. 5). The summary attached to eCAST's Claim No. 5 contains two minor differences from the summary attached to eCAST's Claim No. 4. First, the information contained in the summary pertains to Debtor's credit card account with Associates. Second, it includes a statement that the alleged account balance does not include any interest or fees that may have accrued post-petition. Once again, the summary attached to eCAST's Claim No. 5 is unsigned.

On June 9, 2004, Debtor filed objections to the claims filed by eCAST. On July 1, 2004, eCAST filed a response to Debtor's objections. A hearing on Debtor's objections was held on July 15, 2004. After the parties presented their arguments, the Court took the matter under advisement.

### III

### *LAW ON ALLOWANCE OF CLAIMS*

The Bankruptcy Code permits a creditor to file a proof of claim either executed by the creditor, or by the creditor's authorized agent. 11 U.S.C. § 501(a); Fed. R. Bankr.P.3001(b). A proof of claim is deemed allowed unless an objection is filed. 11 U.S.C. § 502(a). If an objection is filed, a hearing is held by the bankruptcy court to determine whether the claim should be allowed or disallowed and the amount of the claim. 11 U.S.C. § 502(b); *See Pension Benefit Guar. Corp. v. Belfance, (In re CSC Industries, Inc.)*, 232 F.3d 505, 509 (6th Cir.2000) ("bankruptcy

courts have the statutory authority to determine the *allowability* and *amount* of" claims).

During the claims allowance process, the burden of proof shifts between the parties. Initially, a creditor bears the burden of establishing its claim. *See* Fed. R. Bankr.P. 3001(f). If a claim is based on a writing, a copy of the writing is to be filed along with the proof of claim. Fed. R. Bankr.P.3001(c). Once a creditor properly executes and files a proof of claim in accordance with the Federal Rules of Bankruptcy Procedure, its proof of claim is considered *"prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f); *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir.1993); *Ashford v. Consolidated Pioneer Mortgage, (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222 (9th Cir. BAP 1995). Generally, courts have held that when a proof of claim fails to comply with the requirements of Rule 3001(c), the claim will not be considered *prima facie* valid as to the claim or amount. *See In re Henry*, 311 B.R. 813, 817 (Bankr.W.D.Wash.2004) (citations omitted).

If a party objects to the claim, the objecting party carries the burden of going forward with evidence to overcome the *prima facie* validity and amount of the claim. *See In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr.E.D.Mich.2000) (citing *Juniper Dev. Group v. Kahn*, 993 F.2d 915, 925 (1st Cir.1993) and *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991)). If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant. *Id.* (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir.1992)). The claimant ultimately bears the burden of proving the validity of the claim by a preponderance of the evidence. *Id.; accord*

*In re Hollars,* 198 B.R. 270, 271 (Bankr. S.D.Ohio 1996).

## IV

## ANALYSIS

### A. *Parties' Arguments*

The basis of Debtor's objections is that the documents attached by eCAST to its proof of claims are insufficient to establish its claims. Debtor contends that such documents fail to either prove eCAST's role as an assignee or agent of Debtor's original creditors. In addition, Debtor contends that eCAST did not attach any documentation from Debtor's original creditors. As a result, Debtor alleges that she cannot be assured that when she receives her discharge that it will be effective against her original creditors. Debtor seeks the disallowance of eCAST's claims.

In response, eCAST contends that it is not required under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to provide Debtor with proof of either its role as an agent of Chase Manhattan Bank or assignee of Associates. Despite its argument, eCAST attached exhibits to its response to Debtor's Objection to eCAST's claims. These exhibits consist of documents entitled "Assignment of Accounts" (Assignments) that were executed by Chase Manhattan Bank and Associates. *See* Exhibits D and E to "Response of ECAST Settlement Corporation to Debtor's Objection to Proof of Claims" (Doc. No. 34) (eCAST's Response).

eCAST contends that Fed. R. Bankr.P. 3001(e)(1) governs its Claim No. 5. In accordance with this procedural rule, eCAST filed a notice of transfer of the claim from Chase Manhattan Bank to eCAST, which is attached to its response as Exhibit B (Doc. No. 25). In this document, Chase Manhattan Bank, as transferor, consents to the notice of transfer filed by eCAST and waives its right to notice and the opportunity to object as provided by Fed. R. Bankr.P. 3001(e)(2).

At the hearing, Debtor argued that the Assignments provided by eCAST failed to specifically refer to Debtor's credit card accounts. In addition, Debtor stated that the dates of the Assignments pre-date her bankruptcy case and that she continued to receive account statements from Chase Mastercard and Associates until immediately prior to her bankruptcy case. Debtor also contends that the provisions of Fed R. Bank. P.3001(e) do not apply to disputed claims.

### B. *Claim No. 4 and Claim No. 5 as Originally Filed by eCAST Do Not Meet Requirements of Fed. R. Bank. P. 3001(f)*

■ The Court initially considers eCAST's argument that neither the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure require it to prove its relationship to Debtor's original creditors. The Court rejects eCAST's argument because eCAST ignores the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure for filing a proof of claim.

■ Bankruptcy Rule 3001(f) establishes that a properly executed and filed proof of claim shall be *prima facie* evidence of the validity and amount of a claim. A proof of claim is considered to be proper when it is executed and filed "in accordance with these rules." Fed. R. Bankr.P. 3001(f). A properly executed and filed proof of claim consists of (1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents. *See In re Dow Corning,* 250 B.R. at 321.

The Court determines that the proof of claims originally filed by eCAST were not properly executed and filed in accordance with the applicable bankruptcy rule governing proof of claims. Although eCAST used the Official Claim Form for both of its claims, neither Claim No. 4 or Claim No. 5 fulfill the requirements of Fed. R. Bankr.P. 3001(c).[1] Rule 3001(c) specifically states that:

> (c) *Claim based on a Writing.* When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr.P. 3001(c).

The basis for eCAST's claims is credit card debt. "A credit card debt is a debt based upon a writing—a credit card agreement. A loan, other than one based upon an oral agreement, is based upon a writing—a promissory note." *In re Henry,* 311 B.R. 813, 817 (Bankr.W.D.Wash., 2004).

The documents attached to eCAST's Claim No. 4 and Claim No. 5 are not copies of credit card agreements, promissory notes, or recent monthly account statements. Instead, both claims contain the following explanation with regard to supporting documents:

> Itemized monthly statements of account were mailed to the debtor pre-petition; claimant maintains copies of said statements on microfilm or image processing and reproduction of same absent a dispute as to the balance would be unduly time consuming and burdensome; nev-

ertheless, where an interested party so requests, claimant will search its records to provide copies of said month [sic] accounts [sic] statements. To request further documentation please call Becket & Lee LLP at 1–800–962–6030 and ask to speak to the Claim Servicing Supervisor. Claim may include contractual interest and/or late charges.

Claim No. 4 and Claim No. 5, ¶ 8.

In addition, attached to both claims is a one-page summary, which has not been signed under oath by the creditor or any representative of the creditor. This summary consists of the Debtor's name, address, and social security number, the credit card account number, alleged account balance and an explanation as to how the information contained in the summary was obtained.

Also, attached to Claim No. 4 is a page containing one succinct typed paragraph. It appears that the purpose of this paragraph is to explain the relationship that exists between Chase Manhattan Bank and eCAST. This attachment fails to identify the creditor, and is not verified, signed, or dated. The burden of proof initially rests with eCAST. Because there is no evidence of a written agreement between eCAST and the Debtor, the Court concludes that eCAST's Claim No. 4 and Claim No. 5, *as originally filed,* are not sufficient to be afforded *prima facie* validity pursuant to Fed. R. Bankr.P. 3001(f).

C. *Claim No. 4 and Claim No. 5 along with the Additional Documents provided by eCAST Fulfill Requirements of Fed. R. Bankr.P. 3001(f)*

■■■ Claim No. 4 and Claim No. 5, as originally filed, lack *prima facie* validity.

---

1. eCAST's reliance on Fed. R. Bankr.P. 3001(e) is misplaced. Rule 3001(e) sets forth the process for resolving claim disputes between a transferee and transferor. It cannot be relied on, as in the instant case, to justify the failure to attach a copy of the written contract underlying the claim.

However, in response to the Debtor's Objection to its Claims, eCAST filed additional documents demonstrating an assignment of claims from Chase Mastercard and Associates to eCAST. After reviewing the additional documents provided by eCAST, the Court determines that eCAST has met its burden of proof.

The Assignments attached to eCAST's Response are written assignments of certain rights and interests held by the assignor. These Assignments reflect a continuous business relationship between eCAST and Debtor's original creditors. The assignment executed by Chase Manhattan Bank is dated January 1, 2003 and contains the following paragraph:

Chase Manhattan Bank USA, National Association ("Seller"), for value received, without recourse, assigns, sells and delivers to eCAST Settlement Corporation, (the "Buyer") all rights, title and interest in and to (i) all unsecured consumer line of credit accounts now or formerly known as Chase Advantage Credit Account, Cash Elite, Check Credit, Credit on Demand, or Gold Cardmember Accounts and consumer credit card accounts (the "Accounts") *which are described on computer files furnished by the Seller to the Buyer on a monthly basis* and (ii) all proceeds of such Accounts *after the date the applicable computer file was delivered to Buyer.*

Likewise, the assignment executed by Associates is dated November 30, 2001 and contains the following paragraph:

Associates National Bank (Delaware) ("Seller"), for value received, without recourse, transfers, sells, assigns, conveys, grants and delivers to eCAST Settlement Corporation, ("Buyer") all right, title and interest in and to (i) Seller's unsecured consumer bank credit card accounts which are described on comput-er files furnished by Seller to Buyer; and (ii) all remittances of such accounts (each, an "Account"). *This assignment shall have effect with respect to each Account on the day immediately following the date the computer file identifying the Account is delivered from Seller to Buyer.*

These documents verify that Debtor's original creditors routinely sell their credit card accounts to eCAST. The Court holds that these documents establish the contractual basis for eCAST's claims against the Debtor. The Assignments in conjunction with the information provided with the original claims (i.e., account number and account balance) are sufficient to establish the validity of the claims.

Debtor argues that the Assignments are insufficient because the Assignments fail to specifically identify Debtor's credit card accounts. The Court is not persuaded by Debtor's argument. Debtor does not dispute that she owes the credit card debts at issue. Rather, Debtor's objections focus on her ability to ascertain the identity of her creditors and to determine that her discharge will be effective against such creditors. The Court notes that Claim No. 4 and Claim No. 5 refer to the same credit card account numbers and approximate account balances as stated by Debtor in her Schedule F. Debtor's allegation that she continued to receive statements from Chase Manhattan Bank and Associates until the date she filed her bankruptcy petition, does not rebut eCAST's claims. So long as eCAST's claims are filed as an agent or assignee, and that relationship is documented, the date on which Chase Manhattan and Associates sold Debtor's accounts to eCAST is insignificant. The Court is satisfied that eCAST, as an assignee of Debtor's original creditors, is the proper party to file claims against the Debtor.

The Federal Rules of Bankruptcy Procedure explicitly state that the "rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr.P. 1001. The purpose of the rules regarding claims is to require creditors to provide sufficient information so that a Debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the Debtor. If a creditor fails to provide sufficient information regarding either the identity of the claimant or the amount of the claim, the Debtor may object to the claim. In the context of a claim filed by an assignee of a credit card creditor, the assignee must provide the contractual basis of its right to payment, and specific information on the Debtor's account (i.e. account number, social security number, and account balance). To require the assignee of credit card debt to produce voluminous account information for every claim imposes an unnecessary burden on creditors without conferring any necessary benefit on Debtors. The sale of credit card debt is commonplace in our economy, but in most cases, the fact that a sale has occurred should not prevent the Court from resolving claims in as speedy and inexpensive manner as possible.

In the event the claimant is an assignee of a debtor's original creditor, a claimant must attach a signed copy of the assignment and sufficient information to identify the original credit card account. A proof of claim filed with this information satisfies the requirements of Rule 3001. In the event duplicate claims are filed, or there is a material discrepancy in the amount scheduled by a debtor and the claim filed by the assignee of a credit card creditor, further documents or an evidentiary hearing may be required.

In the instant case, the Court holds that eCAST established the validity of its Claim No. 4 and Claim No. 5 by a preponderance of the evidence. Once Debtor completes her Chapter 13 case, her discharge will be effective against her original creditors, Chase Manhattan Bank and Associates, as listed by Debtor in her Schedule F.

V

*CONCLUSION*

Being fully advised in the premises and for the reasons stated above, Debtor's objections are OVERRULED and eCAST's Claim No. 4 and Claim No. 5 are ALLOWED in their entirety.