**In re Rosetta ARMSTRONG, Debtor.**

**No. 03–35406 HDH–13.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Aug. 4, 2006.

Molly W. Bartholow, Bartholow and Bartholow, Dallas, TX, for Debtor.

### MEMORANDUM OPINION ON OBJECTION TO ECAST CLAIMS

HARLIN DEWAYNE HALE, Bankruptcy Judge.

On June 16, 2005, the Court heard the objection of Rosetta Armstrong ("Debtor") to the proofs of claim filed by eCast Settle-ment Corporation ("eCast").[1] This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(B).

### Factual Background

The Standing Chapter 13 Trustee in the Dallas Division of the Northern District of Texas objected to confirmation of the Debtor's plan. The Trustee's objection was, in essence, that the Debtor had not proposed her plan in good faith, because she objected to several claims for lack of sufficient supporting documentation without doing any further investigation. The Trustee filed similar objections to confirmation in a group of cases set for confirmation appearing on the dockets of the three bankruptcy judges in the Dallas Division. The Dallas Division bankruptcy judges considered the cases together and issued a joint opinion on the issues presented in each case, since they were virtually identical.

The Debtor had objected to three proofs of claim filed by eCast. The proofs of claim filed by eCast either stated virtually the same amount of a debt scheduled by Debtor. However, the Debtor had scheduled these claims under the name of the creditors she had done business with and

---

**1.** The Court entered a prior order on the Debtor's objection to the claims filed by eCast, on June 17, 2005, which was vacated by the District Court on January 25, 2006 and this matter was remanded to this Court for further proceedings. The Court was unaware of the District Court's Judgment vacating the Court's prior order until the Court's courtroom deputy was contacted by counsel for eCast on July 6, 2006, at which time a status conference was set for July 19, 2006. At that status conference, it came to the Court's attention that the exhibits introduced at the hearing on the Debtor's objection, held on June 16, 2005, were not made a part of the record on appeal. Counsel for eCast has subsequently filed a motion to include these exhibits on any further appeal of this matter, which will be addressed by separate order.

not under the name of eCast. The Debtor's creditors did not inform her that they had transferred their claims to eCast. The Debtor argued that eCast did not submit documentation of the transfer of claims or of its right to assert the claims on behalf of the creditors that she had scheduled.

On January 18, 2005, the bankruptcy judges of the Dallas Division jointly entered a Memorandum Opinion and Order on Confirmation in eight related bankruptcy cases, including the present one. *See In re Armstrong,* 320 B.R. 97 (Bankr. N.D.Tex.2005). In *Armstrong,* the Court found that transferees, such as eCast, have an obligation under Rule 3001 the establish *prima facie* validity of their claims by documenting the ownership of their claims when filing proofs of claim by "attach[ing] a signed copy of the assignment and sufficient information to identify the original credit card account." *Id.* at 106. The Court then instructed the Standing Chapter 13 Trustee to set status conferences in each of the eight cases, and instructed the parties to confer and try to work out the claim objections in the interim, based on the Court's opinion. A status conference was set in the present case on April 28, 2005, at that conference the parties announced that they had not reached an agreement concerning the Debtor's objection to the claims filed by eCast and the Court set a hearing on the claim objection for June 16, 2005.

On May 24, 2005, the Honorable Barbara J. Houser, in *In re Rochester,* Case No. 03–32184 BJH–13, and *In re Manasan,* Case No. 03–34099 BJH–13, issued a memorandum opinion which expanded on the holding in *Armstrong* by setting out certain requirements for claimants such as eCast to fit within the parameters of Federal Rule of Bankruptcy Procedure 3001. *See In re Rochester,* 2005 Bankr.Lexis 907

(Bankr.N. D.Tex. May 24, 2005). After hearing the evidence presented at the June 16th hearing, the Court took the matter under advisement, and the next day entered a short order adopting the holding in *Rochester* by Judge Houser and finding that eCast had not met the requirements of Rule 3001 for *prima facie* validity of its claims. The order sustained the Debtor's objections to the claims of eCast. The order was subsequently vacated by the District Court and the matter was remanded to this Court for further consideration and to issue findings of fact and conclusions of law.

### *Analysis*

*Legal Standards*

The Bankruptcy Code provides: "A claim ..., proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). "A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Bankruptcy Rule 3001(f).

Sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rule 3001 provide that "a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets." *In re Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir.1988). The claimant will prevail unless a party who objects to the proof of claim produces evidence to rebut the claim. *Id.* Upon production of this rebuttal evidence, the burden shifts to the claimant to prove its claim by a preponderance of the evidence. *Id.* However, the ultimate burden of proof always lies with the claimant. *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000).

In essence, the *Armstrong* opinion simply sets out who has the initial burden in the claim objection process, understanding that pursuant to Federal Rule of Bankruptcy Procedure 502, any claim filed is deemed allowed unless an objection to allowance of the claim is filled. If the claimant provides the required documentation, the claim is afforded *prima facie* validity and it is then the debtor's burden to put forth enough evidence in rebuttal to shift the burden back to the claimant.

Judge Houser's opinion in *Rochester* further clarifies what is necessary for a transferee of a claim to file as part of their proof of claim, or in addition to the proof of claim form, for their claim to be afforded *prima facie* validity and overcome a "lack of documentation" objection by the Debtor, under three scenarios: (1) the creditor produces documentation of a "blanket assignment" to itself of several accounts from a creditor listed as a creditor on the debtor's schedules, coupled with copies of the underling account documents with the debtor; (2) the creditor produces documentation of a "blanket assignment" to itself of several accounts from a creditor not listed on the debtor's schedules, but additional documents submitted with the assignment provided a basis to link the entity assigning the claim with an entity listed on the debtor's schedules; and (3) the creditor produces documentation of a "blanket assignment" to itself of several accounts from a creditor not listed on the debtor's schedules, and the additional documents submitted with the assignment do not provided a basis to link the entity assigning the claim with an entity listed on the debtor's schedules.

Judge Houser found that under scenarios (1) and (2) the claimant had produced enough evidence to both establish *prima facie* validity and to overcome the objection by the debtor, and allowed the claim.

*See also In re Hughes*, 313 B.R. 205, 211 (Bankr.E.D.Mich.2004). Under scenario (3) Judge Houser found that the claimant had not complied with the requirements of Rule 3001(f) and would have to produce further evidence at the hearing to carry its burden of proof in the face of an objection by the Debtor. This Court finds Judge Houser's opinion well reasoned and agrees with her analysis.

*The Present Case*

In the present case, at the hearing on the Debtor's objection to the claims filed by eCast held on June 16, 2005, neither the Debtor nor eCast submitted any evidence other than the Debtor's schedules, the proofs of claim filed by eCast and three exhibits submitted by eCast, representing what eCast asserts are the transfer documents for each of the three claims. The argument presented by the attorneys at the hearing addressed whether the requirements of *Armstrong* and *Rochester* had been met. Thus, for each of the claims, either the proof of claim would be considered valid on its face and the Debtor would have the burden to rebut the presumption of validity, or the burden would remain with eCast. Should eCast have the burden of proof, the Court would look at the documents submitted at the hearing to see if its burden was met to prove eCast's entitlement to payment.

▮ The claims filed by eCast in the Debtor's bankruptcy case are claims numbered nine, ten and twelve. Claim number nine contains credit card account number 6011661301882984, and states that it is based on an assignment from Citibank USA in the amount of $377.45. In support of this claim eCast submitted the affidavit of David Nation. *See* eCast Exhibit # 2. The affidavit states that on the petition date the Debtor owed Citibank USA $377.45 on account number 6011661301882984 and that the account

was transferred to eCast. Exhibit #2 also contains a blanket assignment of accounts from Citibank to eCast. On Schedule F, the Debtor scheduled a debt due on a Catherine's store card with account number 6011661301882984 in the amount of $331.00. This evidence is sufficient under scenario (2) in the *Rochester* opinion for claim number nine to be considered valid on its face. The debtor has not offered enough evidence to rebut the presumption of validity; therefore, claim number nine will be allowed.

Claim number ten contains credit card account number 6011598011483233, and states that it is based on an assignment from Citibank USA in the amount of $165.26. In support of this claim eCast submitted the affidavit of David Nation. *See* eCast Exhibit #3. The affidavit states that on the petition date the Debtor owed Citibank USA $165.26 on account number 6011598011483233 and that the account was transferred to eCast. Exhibit #3 also contains a blanket assignment of accounts from Citibank to eCast. On Schedule F, the Debtor scheduled a debt due on a Added Dimensions store card with account number 6011598011483233 in the amount of $172.00. This evidence is sufficient under scenario (2) in the *Rochester* opinion for claim number ten to be considered valid on its face. The debtor has not offered enough evidence to rebut the presumption of validity; therefore, claim number ten will be allowed.

■ Claim number twelve contains credit card account number C82221441848229, and states that it is an assignment from General Electric/Lowes in the amount of $396.56. In support of this claim eCast submitted a Lowe's credit card account summary for account number C82221441848229 in the name of J.W. Armstrong. *See* eCast Exhibit #1. Exhibit #1 also contains a blanket bill of

sale from Montgomery Ward Credit Corp. and GE Capital Finance, Inc. to eCast. On Schedule F, the Debtor scheduled a debt due on a Lowe's store card with account number 82221441848229 in the amount of $407.00. This evidence falls under scenario (3) in the *Rochester* opinion and is insufficient for claim number ten to be considered valid on its face. There was no evidence of an "evidentiary link" between Lowe's and GE Capital Finance offered by eCast, other than Mr. Stromberg's say so at the hearing, which is argument and not evidence. This would not normally end the inquiry, because lack of *prima facie* validity in the face of a valid objection by the Debtor simply shifts the burden to eCast to prove its right to payment from the Debtor. *See In re Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir.1988). However, since eCast offered no further evidence at the hearing, the Court finds that eCast has not met its burden of proof; and the Debtor's objection to claim number twelve will therefore be sustained.

A separate order will be entered consistent with this decision.