REVISED February 22, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-40660
Summary Calendar

In the Matter of:  ROBERT EDWIN JACOBSEN

Debtor

_____

ROBERT EDWIN JACOBSEN

Appellant

v.

JOHN SRAMEK; BERNADETTE SRAMEK

Appellees

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-354

_____

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:<sup>*</sup>

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robert Jacobsen ("Debtor") appeals the bankruptcy court's August 13, 2008 order overruling his objections to John Sramek and Bernadette Sramek's ("Creditors") proof of claim. Having reviewed the order and record, this court affirms.

## BACKGROUND

In May 2007, Debtor filed a voluntary Chapter 13 bankruptcy, which was later converted to a Chapter 7 bankruptcy. In his bankruptcy schedules, Debtor listed the Creditors as holding an unsecured claim of $1,627,536.38 relating to real estate fraud. According to the record, the Creditors had lent money to Debtor's company, REJ Properties, Inc., for real estate purposes in 2004. The deal went awry and the Creditors filed a lawsuit against both REJ Properties, Inc. and Debtor, alleging fraud, misrepresentation, breach of fiduciary duties, alter ego, receipt of fraudulent transfers, and other tort claims in connection with the real estate transactions.

The Creditors filed their proof of claim on September 10, 2007, using Official Form 10. The amount claimed in the Creditors' unsecured proof of claim was $1,735,208.20 (the original $1,627,536.68 plus accruing interest). The Creditors attached four documents to their proof of claim:

1. The "Straight Note," which was executed by Debtor as president of REJ Properties, Inc., payable to Osprey Investment Corporation in the amount of $1,250,000.

2. The "Note Modification," which was executed on May 19, 2004 by Debtor as president of REJ Properties, Inc. and Michael Alberson as president of Osprey Investment Corporation. The Note Modification extended the terms of the Straight Note from December 31, 2004 to January 31, 2006 and increased the interest rate from 7 percent to 11 percent.

3. The "Assignment Deed of Trust," which was executed on May 19, 2004 by Michael Alberson as president of Osprey Investment Corporation and which granted, assigned, and transferred the Straight Note to the Creditors.

4. An order from the civil lawsuit between the Creditors and Debtor granting summary judgment on breach of contract between the Creditors and REJ Properties, Inc.

Debtor objected to Creditors' claim, arguing that the attached documents did not indicate he had personal liability for the Straight Note. The Creditors responded that the claim was not based on the promissory note, but the civil lawsuit involving real estate fraud that the attached documents helped explain. The bankruptcy court overruled Debtor's objections and the district court affirmed. Debtor appeals.

## DISCUSSION

This court reviews bankruptcy courts' conclusions of law de novo and findings of fact for clear error. In re National Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000). "Sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rule 3001 provide that 'a party correctly filing a proof of claim is deemed to have established a prima facie case against Debtor's assets.'" In re Armstrong, 320 B.R. 97, 102 (N.D. Tex. 2005). "The claimant will prevail unless a party who objects to the proof of claim produces evidence to rebut the claim." Id. In the present case, Debtor asserts that the Creditors' proof of claim and the attachments thereto evidence a claim against REJ Properties, Inc., not Debtor himself. Accordingly, he contends that the proof of claim should be disallowed.

The Creditors' form reveals that they made a demand on Debtor's estate in the amount of $1,735,208.20. The attachments to Official Form 10 detail this debt. While the supporting documents reference REJ Properties, Inc. rather than Debtor, the documents clearly refer to the pending real estate fraud lawsuit against Debtor and REJ Properties, Inc. As explained by the Creditors, the supporting documents were attached to detail the claim and the lawsuit's progress. The proof of claim was executed and filed in accordance with the Bankruptcy Rules and Official Form 10. As such, the proof of claim constitutes prima facie evidence of the validity and amount of the claim.

The burden fell on the Debtor to rebut the prima facie evidence, which he failed to do. By completely ignoring the civil action basis of the claim, he fails to rebut it. Further, notwithstanding his current arguments, Debtor listed the Creditors' debt on his bankruptcy schedules as a civil action involving real estate fraud. He listed the amount of the claim as $1,627,536.38, which is the exact amount sought by the Creditors, exclusive of interest. Debtor cannot argue in good faith that the Creditors' claim is merely a breach of contract claim after explicitly acknowledging it as a fraud claim in his bankruptcy schedules.

## CONCLUSION

For the reasons discussed above, the district court's judgment is AFFIRMED.