# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2011

No. 11-40085
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: ROBERT EDWIN JACOBSEN,

Debtor

------------------------------

ROBERT EDWIN JACOBSEN,

Appellant

v.

JOHN SRAMEK,

Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-117

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The debtor in a bankruptcy proceeding appealed from the district court's order that he was not entitled to certain exemptions and that procedural and evidentiary defects in the bankruptcy court had not occurred. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40085

In 2007, Robert Jacobsen filed a petition under Chapter 13 of the Bankruptcy Code. The Chapter 13 trustee's motion to convert the case to one under Chapter 7 was granted. Simultaneously, Jacobsen's motion to dismiss the proceedings was denied because of a finding that he was acting in bad faith. Both the district court and this court affirmed. *Jacobsen v. Sramek (In re Jacobsen)*, 609 F.3d 647, 649 (5th Cir. 2010).[1] In a different appeal, we sustained the bankruptcy court's order overruling Jacobsen's objections to the proof of claim filed by John and Bernadette Sramek. *Jacobsen v. Sramek (In re Jacobsen)*, 362 F. App'x 413, 414 (5th Cir. 2010).

The Srameks are again the creditors participating in this appeal. They objected to the exemption claimed by Jacobsen for a 2004 Lexus RX 330 automobile. On November 9, 2009, the bankruptcy court found the market value of that automobile on the date of the bankruptcy petition to exceed the allowable exemption, resulting in the denial of the exemption for the excess value. The court also held that because Jacobsen had not listed among his claimed exemptions on his Bankruptcy Schedule C a second vehicle, a 2001 BMW Z3, but he had listed the BMW on an amended Schedule B, that Jacobsen was not entitled to an exemption for that second vehicle.

Jacobsen appealed from this order, but the district court affirmed on December 27, 2010. The issues raised there were these: (1) whether the Srameks' objections to the exemptions were properly served because only Jacobsen and not his wife was served; (2) whether a marital agreement between Jacobsen and his wife was relevant to the exemptions; and (3) whether the objections to the testimony from Srameks' expert on valuation of the vehicles was properly overruled. The district court found no merit to any of these arguments and affirmed. The same arguments are made here.

---

[1] Jacobsen had an attorney during the appeal we discuss next, but he did not in the case resulting in the cited published opinion. He is again *pro se* in the present appeal.

No. 11-40085

As we explained in one of Jacobsen's earlier appeals, we are a second appeals court, applying the same review standard to the bankruptcy court's orders as did the district court. *In re Jacobsen*, 609 F.3d at 652. The bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact are examined for clear error. *Id.*

Jacobsen's first complaint is that his wife should have received notice of the Srameks' objections to the exemptions. The argument arises from the allegation that his wife was the owner of the BMW for which an exemption was claimed. The notice of the Srameks' objections needed to be sent only to the debtor (Jacobsen), the debtor's attorney, and the trustee. Fed. R. Bankr. P. 4003(b)(4). There was no defect in the service of the objections.

Jacobsen next contends that the BMW was his wife's property. He wished to introduce evidence of a marital agreement in support of the claim. The bankruptcy court hearing and order from which this appeal was taken solely concerned whether Jacobsen was entitled to an exemption on the BMW. He is not. Issues regarding ownership and the effect of the marital agreement were not before the bankruptcy court, and they are not before us either.

The third argument is that the Srameks failed to present competent evidence of the value of the Lexus. Jacobsen had no evidence of his own on value. His objection to the expert at the evidentiary hearing was overruled. Jacobsen claims the expert failed to view the vehicles and that he must have been guessing at the condition and mileage. A court has wide discretion in considering the credentials of experts and the admissibility of evidence. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997). We will reverse only if the decision is "manifestly erroneous." *Id.* Based on the record before us, we are satisfied that there was no abuse of discretion in allowing the testimony.

We AFFIRM.